UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| DEEANDRA TERRELL, | : | |
| | : | Case No. 1:19-cv-2762 |
| Plaintiff, | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | OPINION & ORDER |
| Health Care Bridge, Inc., *et al.*, | : | [Resolving Doc. 11] |
| | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Deeandra Terrell brings this putative collective action alleging that her former employer, Defendant Health Care Bridge, Inc.,[1] violates the Fair Labor Standards Act ("FLSA") by not paying overtime wages.  Specifically, Plaintiff Terrell says that Defendant Health Care Bridge does not pay its employees for travel time between work sites, and this policy results in overtime wage theft.

Plaintiff Terrell now moves for conditional certification of the FLSA collective action for herself and others similarly situated.[2]  Defendant Health Care Bridge opposes.[3]

For the following reasons, the Court **GRANTS** Plaintiff's motion for conditional certification and for court-authorized notice.

---

[1] The Court refers to Defendant Health Care Bridge, Inc., Health Care Bridge, LLC, and Home Health Care Bridge, LTD collectively as Defendant Health Care Bridge.

[2] Doc. 11.

[3] Doc. 13.

Case No. 1:19-cv-2762
Gwin, J.

## I.     Background

Defendant Health Care Bridge is a for-profit Ohio corporation that provides home

health care.[4]  From January 2019 to September 15, 2019, Plaintiff Deeandra Terrell worked

for Defendant as a home health aide.[5]

Plaintiff alleges that Health Care Bridge required her and similarly situated

employees to travel to one or more work locations within the same work day, but Health

Care Bridge did not pay employees for this travel time.[6]  Plaintiff says these travel times

ranged from approximately 15 to 20 minutes to as much as 45 to 60 minutes.[7]

Plaintiff claims that for employees who work at or near 40 hours in a week,

Defendant's failure to pay for employee travel time has resulted in FLSA overtime

violations.[8]

## II.     Discussion

### A.  Conditional Certification

Plaintiff Terrell now moves to conditionally certify a collective action under 29

U.S.C. § 216(b).[9]  Specifically, Plaintiff moves to certify the following class:

> All former and current full-time Home Health Aides, or similar
> home care providers with different job titles, [employed by
> Defendants,] who worked at more than one location in a
> workday, and who worked 40 or more hours, during any
> workweek during the period of time from November 22[,
> 2016] to the conclusion of this matter.[10]

---

[4] Doc. 1 at 2.
[5] *Id.*
[6] *Id.* at 3.
[7] *Id.*
[8] *Id.* at 4.
[9] Doc. 11.  Defendant Health Care Bridge opposes conditional certification.  Doc. 13.  Plaintiff replies.  Doc. 15.
[10] Doc. 11 at 3.  The Court adds "employed by Defendants" and "2016" to the Plaintiff's proposed class definition.

Case No. 1:19-cv-2762
Gwin, J.

"Similarly situated" employees may bring a collective action under the FLSA.[11]  To determine whether the employees are similarly situated, the Court considers the "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action."[12]

The Court uses a two-step certification process for FLSA collective actions.  At the initial "notice" stage, a plaintiff must make a "modest factual showing" that "his position is similar, not identical, to the positions held by putative class members."[13]  This is a "fairly lenient" standard.[14]  At the second stage, after discovery, the Court examines the factual situation of collective action employees more closely.[15]

Here, at the initial notice stage, Plaintiff presents her complaint, her own sworn declaration, and one opt-in plaintiff's declaration.[16]  Plaintiff's evidence shows that (1) Defendant maintains a company-wide policy of not paying home health aides for time spent travelling between work locations in the same day, and (2) Plaintiff and some putative class members worked at or near forty hours in workweeks under the company-wide travel policy.

The Court finds that Plaintiff has made the required factual showing that she is similarly situated to potential class members.

---

[11] 29 U.S.C. § 216(b).

[12] *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (alterations in original) (quoting Charles Alan Wright et al., 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.)), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

[13] *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-7 (6th Cir. 2006).

[14] *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).

[15] *Id.*

[16] Doc. 11-1.

Case No. 1:19-cv-2762
Gwin, J.

Defendant's arguments resisting conditional certification are unavailing. Defendant says that Plaintiff failed to meet her burden because she relies on the opt-in plaintiff's "false" declaration.[17] Defendant argues that the opt-in plaintiff's declaration is false because the declaration overstates the opt-in plaintiff's work hours.[18]

"During this preliminary stage [of the FLSA conditional certification inquiry], a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility."[19]

But even if the Court were to disregard the opt-in plaintiff's declaration, Plaintiff would still meet the minimal proof requirement.[18] Defendant does not challenge Plaintiff Terrell's claims that Defendant had a company-wide policy of not paying for travel time. Defendant also does not challenge Plaintiff Terrell's assertions that she (1) worked over forty hours and had inter-client travel and (2) other employees also worked over forty hours and had inter-client travel.

At this first stage, Plaintiff need make only a "colorable claim" that she was paid insufficient overtime and that others were similarly underpaid.[20] Even without the opt-in plaintiff's declaration, Plaintiff Terrell's showing satisfies this lenient standard.

### B.  Court-Authorized Notice

Plaintiff next moves the Court to order the Parties to send notice of the collective action to putative class members.[21] Specifically, Plaintiff requests that the court order the

---

[17] Doc. 13 at 2.
[18] *Id.* Defendant presents the opt-in plaintiff's pay stubs in support. Doc. 13-1.
[19] *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015).
[20] *Wright v. Physicians & Surgeons Ambulance Serv., Inc.*, No. 5:18-CV-372, 2018 WL 4519892, at *2 (N.D. Ohio Sept. 21, 2018).
[21] Doc. 11 at 1-2.

Case No. 1:19-cv-2762
Gwin, J.

Parties to jointly submit a proposed notice informing putative class members of this collective action and permitting them to opt into the case by signing and submitting a consent form.[22]  Plaintiff also requests an order directing Defendant Health Care Bridge to provide Plaintiff a roster of present and former employees that includes their full names, their dates of employment, their last known home addresses, and their personal email addresses.[23]

Defendant objects to providing email addresses.[24]  Defendant says that though some courts have permitted notice by use of private email, others have restricted it due to "concerns about distortion or modification of the notice or by adding commentary."[25]  Defendant thus requests that email be used only as a last resort.[26]  Defendant also requests the Court set parameters defining how employee data may be used.[27]

The Court approves Plaintiff's request for court-authorized notice, including notice via email.  Northern District of Ohio courts routinely authorize notice by email.[28]  Similarly, "[t]he trend [in the Southern District of Ohio] is to allow notice by mail and email to ensure that putative class members receive notice of the pending action."[29]

However, pursuant to Defendant's request, the Court prohibits the Parties from sharing any former or current Health Care Bridge employee email addresses with anyone without a court order.

---

[22] *Id.*

[23] *Id.*

[24] Doc. 13 at 6.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *See, e.g., Byerly v. Robin Indus., Inc.*, No. 1:19-CV-1004, 2019 WL 4256390, at *4 (N.D. Ohio Sept. 9, 2019); *Wright,* 2018 WL 4519892, at *3.

[29] *Parker v. Breck's Ridge, LLC*, No. 2:17-CV-633, 2018 WL 551328, at *6 (S.D. Ohio Jan. 24, 2018).

Case No. 1:19-cv-2762
Gwin, J.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for conditional

certification as to the following collective action class:

> All former and current full-time Home Health Aides, or similar
> home care providers with different job titles, employed by
> Defendants, who worked at more than one location in a
> workday, and who worked 40 or more hours, during any
> workweek during the period of time from November 22, 2016
> to the conclusion of this matter.

The Court **ORDERS** that, within fourteen days of the date of this Order, Defendant

Health Care Bridge provide Plaintiff Terrell with the full name, dates of employment, last

known home address, and last known personal email address of individuals from the

above-defined class.

The Court **PROHIBITS** the Parties from sharing any former or current Health Care

Bridge employee email addresses with anyone without a court order.

Additionally, the Court **ORDERS** that, within fourteen days of the date of this Order,

the parties shall submit to the Court proposed language for the notification and consent

forms that shall be issued to apprise potential plaintiffs of their rights under the FLSA to opt-

in as parties to this litigation.  In drafting the proposed notification language, the Parties

should "be scrupulous to respect judicial neutrality" and "take care to avoid even the

appearance of judicial endorsement of the merits of the action."[30]

The Court also **ORDERS** that, within fourteen days of the Court's order approving

the notice, the notice be sent to the individuals within the above-defined class using the

home and email addresses provided.

---

[30] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

Case No. 1:19-cv-2762
Gwin, J.

Lastly, the Court **ORDERS** that duplicate copies of the notice may be sent in the event that new, updated, or corrected mailing addresses or email addresses are found for one or more present or former employees.

IT IS SO ORDERED.

Dated: June 19, 2020                         _s/_        _James S. Gwin_
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE