# Exhibit A

Joint Stipulation of Settlement and Release

# JOINT STIPULATION OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Honorable Judge Gwin, U.S. District Judge, presiding ("District Court"), Plaintiff Deeandra Terrell, individually and on behalf of herself and the Settlement Group (as defined herein), and Defendants Health Care Bridge, Inc. and Health Care Bridge, LLC, ("Defendants") and Home Health Care Bridge, LTD ("Home Health"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *Terrell v. Health Care Bridge, Inc. et al*, Case No. 1:19-cv-02762.

2. "Representative Plaintiff" or "Plaintiff" shall mean Deeandra Terrell.

3. "Defendants" shall mean Defendants Health Care Bridge, Inc. and Health Care Bridge, LLC and all of their former, current and respective officers, directors, employees, agents, attorneys, insurers, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Settlement Group" or "Group Members" shall consist of Representative Plaintiff, Opt-in Plaintiff Ri'Chell Levert-Fields, and the "Eligible Settlement Participants" who execute and return a Consent to Join and Release Forms, which will be attached to the Parties' Joint Motion for Settlement Approval.

5. "Eligible Settlement Participants" consist of the employees identified in damages model exchanged during mediation with damages including Plaintiff.

6. "Non-Participants" shall mean any Eligible Settlement Participants that do not execute and return the Consent to Join and Release Forms.

7. "Parties" shall mean the Representative Plaintiff and Defendants, and "Party" shall mean any one of the Parties.

8. "Plaintiff's Counsel" are Robi J. Baishnab and Hans A. Nilges of Nilges Draher LLC. "Defendants' Counsel" is Brian G. Dershaw of Taft Stettinius & Hollister LLP.

9. "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10. On November 22, 2019, Representative Plaintiff filed the Action against Defendants on behalf of herself and other similarly situated current and former employees alleging overtime violations under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201, *et seq*. and Ohio Revised Code (O.R.C.) § 4111.03(D), as well as for violations of ORC § 4113.15 (Ohio

27855888.1

Prompt Pay Act or OPPA). Specifically, Plaintiff alleged that Defendants failed to pay her and similarly situated home health providers for time spent traveling one from work location to another within the same workday.

11. On January 23, 2020, Defendants answered, denying any liability or wrongdoing of any kind.

12. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA and Ohio law, and that the Action is appropriate for collective treatment. Defendants deny these allegations.

13. On June 19, 2020, Plaintiff's Motion for Conditional Certification was granted.

14. The Parties then agreed to mediate before third-party neutral, Michael Ungar with Ulmer & Berne LLP.

15. As part of the mediation process, Defendants produced time and payroll data, along with location data, for 57 Eligible Settlement Participants, which included Representative Plaintiff.

16. Plaintiff's Counsel engaged a PhD-level economist to analyze the produced data and to build a damages model. The model was shared with Defendants in advance of mediation.

17. The Parties reached settlement at mediation on September 1, 2020; and filed their Joint Notice of Settlement on September 3, 2020. The terms of that settlement are reflected in this Agreement.

18. Defendants represent, and the Parties agree for the purposes of Settlement, that no Group Member ever had any employment or payroll-related relationship with Home Health.

19. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

20. Plaintiff's Counsel represent that they have conducted a thorough investigation into the facts of the Action and have diligently pursued an investigation of Plaintiff's claims against Defendants, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiff's Counsel is of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interest of the Group Members in light of all known facts and circumstances, including the risk of significant delay.

21. Defendants' Counsel represents that the data produced for mediation and which served as the basis for negotiations was complete and accurate, or sufficient for the purposes of extrapolation, for the Eligible Settlement Participants as conditionally certified by the Court: All former and current full-time Home Health Aides, or similar home care providers with different job titles, employed by Defendants, who worked at more than one location in a workday, and who worked 40 or more hours, during any workweek during the period of time from November 22, 2016 to the conclusion of this matter.

22. Counsel for both Parties agree that the Settlement is fair, adequate, and reasonable.

23. This Settlement represents a compromise of disputed claims in the Action. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have any liability to Plaintiff on those claims. Likewise, nothing in this Settlement is intended or will be construed as a concession by Plaintiff that her claims lacked merit or that Defendants were not liable for the claims.

## SETTLEMENT PAYMENTS

24. **Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is **$150,000.00**, which sum will cover: (a) all of the Individual Payments to the Settlement Group; (b) Representative Plaintiff's Service Payments totaling $3,000.00; (c) Plaintiff's Counsel's attorneys' fees of one-third (1/3) of the Total Eligible Settlement Amount; (d) Plaintiff's Counsel's expenses; and (e) costs of settlement notice. This amount does not include Defendants' share of the applicable employer tax withholdings. Cost of mediation is being paid by Defendants outside the Total Eligible Settlement Amount.

25. **Settlement Payments to Group Members:** After deducting (b) through (e) above, the remaining amount will be divided into Individual Payments to the Eligible Settlement Participants.

26. **Calculation of Individual Payments:** The Individual Payments will be calculated by Plaintiff's Counsel and will be based proportionally on Representative Plaintiff's and each Eligible Settlement Participant's alleged overtime damages during the applicable two-year period. Opt-in Plaintiff Ri'Chell Levert-Fields who will receive a reasonable minimum payment.

27. **Treatment of Individual Payments:** One-half the Individual Payments to the Group Members will be treated as payment for wages, and the remainder as payment for statutory damages. Defendants will report to the IRS and issue to each Group Member an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc. to each Group Member for the amount paid as statutory damages under this Settlement. Defendants will determine the proper tax withholding amounts on the W-2 payments in accordance with each Group Members' previously elected wage withholding instructions, and Defendants are responsible for payment of the employer's share of payroll taxes as required by law. The Group Members agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement.

28. **Representative Plaintiff's Payment:** **$3,000.00** of the Total Eligible Settlement Amount will be paid to Representative Plaintiff as a Service Payment, in addition to her Individual Payment. Defendants will not oppose the requested Service Payment. Defendants will issue to Representative Plaintiff a Form 1099- Misc. with respect to the Service Payment.

Defendants will mail the Service Payment to Plaintiff's Counsel at 7266 Portage Street, N.W., Suite D, Massillon, OH 44646 within <u>21-days</u> after the Court grants approval of the Settlement.

3

27855888.1

29. **Plaintiff's Counsel's Attorneys' Fees and Expenses:** **$50,000.00**, or one-third (1/3) of the Total Eligible Settlement Amount, will be paid to Plaintiff's Counsel for attorneys' fees. Expenses will be finalized at the time of the Parties' Joint Motion for Settlement Approval.

Defendants will issue to Plaintiff's Counsel a Form 1099-Misc. in the final amount paid with respect to the attorneys' fees and expenses. Defendants will mail check for attorneys' fees and expenses to Plaintiff's Counsel at 7266 Portage Street, N.W., Suite D, Massillon, OH 44646 within 21-days after the Court grants approval of the Settlement.

## RELEASE OF CLAIMS

30. **Released Claims:** The Settlement Group (defined as those persons with damages within the two year statute of limitations with damages) will release Defendants and Home Health from the federal and state wage-and-hour claims contained in the Complaint, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the FLSA and applicable state law, for the Released Period. In addition, Defendants, Home Health, and Plaintiff will execute a separate, mutual general release. Plaintiff does not release any claims that cannot be waived by law, including but not limited unemployment benefits and workers' compensation claims.

31. **Released Period:** The Released Period for Settlement Class Members is November 1, 2017 through the Court's entry of approval.

## APPROVAL AND DISMISSAL OF THE ACTION

32. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the Action with prejudice.

33. **Fair, Adequate, and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

34. **Joint Motion for Approval of Settlement:** By October 2, 2020, the Parties will jointly move the District Court for entry of an order, proposed and attached to the Parties' Joint Motion for Approval of Settlement, granting approval of the Settlement, approving the form, content, and method of distribution of the notice to the Group Members, approving the allocation formula payable to Group Members, approving the Service Payments to Plaintiff and Plaintiff's Counsel, and entering judgment dismissing the Action with prejudice.

35. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's approval order, the Action shall be dismissed with prejudice and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

36. **Contact Information for Eligible Settlement Participants:** Within 15-days after the District Court grants approval of the Settlement, Defendants will provide to Plaintiff's Counsel a spreadsheet containing the names and last known mailing addresses of the Eligible Settlement Participants, according to records maintained by Defendants.

4

27855888.1

37. **Distribution of Notice and Consent and Release Forms:** Plaintiff's Counsel will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail within 30-days after the District Court grants approval of the Settlement.

38. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form which will be attached to the Parties' Joint Motion for Settlement Approval. The Eligible Settlement Participants may return Consent and Release Forms to Plaintiffs' Counsel within 60-days after sending the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed, or emailed to the Plaintiff's Counsel within the 60-days period to be timely. The Consent and Release Forms will advise the Eligible Settlement Participants of their Individual Payment amounts.

39. **Filing of Consent and Release Forms:** Upon receipt of the executed Consent and Release Forms from the Settlement Class Members, Plaintiff's Counsel will file them with the Court. Within 14-days after the consent period is completed, all of the Group Members' Consent and Release Forms must be filed with the District Court.

40. **Unclaimed Funds:** Any funds unclaimed due to participation will be reallocated to the Eligible Settlement Participant on an equitable *pro rata* basis. Settlement checks become stale after 180 days of mailing, the amount of which will be donated to Community Legal Aid, at 401 Market Avenue N., Suite 103, Canton, OH 44702.

41. **Distribution of Individual Payments to Settlement Class Members:** Within 7-days after the close of the Consent Period, Plaintiff's Counsel will determine the *pro rata* redistribution of unclaimed funds and provide Defendants' Counsel with the revised Payment List, if applicable. Defendants will mail the settlement payments to Plaintiff's Counsel for distribution to the Settlement Class Members within 28-days of receiving the revised Payment List. Any checks that become lost before 180-days after distribution runs will be reissued to any Group Member upon request and without charge to the Group Member.

## NO DISPARAGEMENT AND NEUTRAL REFERENCE

42. The Representative Plaintiff, Opt-in Plaintiff Ri'Chell Levert-Fields, and Defendants agree not to disparage or discredit any party or otherwise communicate with any person or entity in a manner tending to damage either's reputation. However, no Plaintiff or employee shall be prohibited from discussing employment matters that are protected under the FLSA, the NLRA, or any other federal or state law. Should any prospective employer of any Settlement Group Member contact Defendants to verify employment, Defendants agrees to provide the prospective employer only the respective Settlement Group Member's dates of service and position(s) held at the Defendants' business.

## PARTIES' AUTHORITY

43. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

5

## MUTUAL FULL COOPERATION

44.     The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including, but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

45.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

46.     Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants or Home Health, and Defendants and Home Health deny any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

47.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, including a full day of mediation before third-party neutral, Michael Ungar; and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

48.     This Agreement may not be changed, altered, or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

## INTEGRATION CLAUSE

49.     This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

50.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## COUNTERPARTS

51.     This Settlement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

52.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party, as determined by a court with competent jurisdiction, shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

53.     The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and the distribution process.

## GROUP SIGNATORIES

54.     Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the Settlement Group. It is agreed that it is burdensome to have all of the Group Members execute this Agreement. This Agreement shall have the same force and effect as if each Group Member executed this Agreement.

**[Remainder of Page Intentionally Left Blank]**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: 9/15/2020

DEEANDRA TERRELL

*[DocuSigned by: 3BC28784FB48448...]*

Dated: 9-15-2020

HEALTH CARE BRIDGE, INC.

By: *[signature]*

Its: Authorized Rep.

Dated: 9-15-2020

HEALTH CARE BRIDGE, LLC

By: *[signature]*

Its: Manager

Dated: 9-15-2020

HOME HEALTH CARE BRIDGE, LTD

By: *[signature]*

Its: Authorized Rep.

8

27855888.1