# Exhibit B

## [Proposed] Order of Dismissal and Approving Settlement

27951651.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEEANDRA TERRELL**, on behalf of herself and all others similarly situated, | CASE No. 1:19-cv-2762 |
| Plaintiff, | **JUDGE JAMES S. GWIN** |
| v. | **[PROPOSED] ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| **HEALTH CARE BRIDGE, INC.**, *et al.*, | |
| Defendants. | |

Representative Plaintiff Deeandra Terrell (Representative Plaintiff) and Defendants Health Care Bridge, Inc., Health Care Bridge, LLC, and Home Health Care Bridge, LTD (Defendants) (collectively, the Parties) have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216(b), the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §§ 4111 *et seq.*, and Ohio Revised Code § 4113.15, to approve the requested Service Payment, and to approve Plaintiffs' Counsel's requested fees and expenses.[1]

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion for Fair Labor Standards Act Settlement Approval, the Declarations of Robi J. Baishnab and John Murta appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby approves settlement of the FLSA and Ohio claims as provided in the Settlement Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Settlement Agreement.

---

[1] ECF No. 32.

2. On November 22, 2019, Representative Plaintiff filed the Action against Defendants on behalf of herself and other similarly situated current and former employees alleging overtime violations under the FLSA, 29 U.S.C. §§ 201, *et seq*. and O.R.C. §4111.03(D), as well as for violations of the Ohio Prompt Pay Act. Specifically, Representative Plaintiff alleged that Defendants failed to pay her and similarly situated home health providers for time spent traveling from one work location to another within the same workday.[2]

3. On January 23, 2020, Defendants answered, denying any liability or wrongdoing of any kind.[3]

4. Plaintiff filed her Motion for Conditional Certification on February 21, 2020.[4] It was fully briefed by the Parties and this Court conditionally certified the collective on June 19, 2020.[5] The Parties jointly requested that the Court stay case deadlines pending private mediation before Mike Ungar.[6]

5. Defendants denied and continue to deny that they violated any federal or state law, and a *bona fide* disputes exist between the Parties regarding the amount of compensation, if any, owed to Representative Plaintiff or the Settlement Group Members.

6. The Parties disagreed, and continue to disagree, as to whether Defendants failed to pay the Settlement Group Members for location-to-location travel and/or overtime as alleged,

---

[2] *See* ECF No. 1. Plaintiff's Ohio Rule 23 class action allegations were dismissed pursuant to agreement. (ECF No. 24).

[3] ECF No. 7.

[4] *See* ECF Nos. 11, 12, and 16.

[5] *See* ECF Nos. 13, 15, and 26.

[6] *See* ECF Nos. 27, 28, 29, and 8/3/2020 Order [non-document].

whether liquidated damages are appropriate, and whether a two-year or three-year statute of limitations is applicable.

7. The Settlement Agreement provides for class-wide settlement, settlement notice and administration, and payment distribution to Settlement Group Members as represented in their Joint Motion, the Declaration of Robi J. Baishnab, and the Settlement Agreement.

8. Settlement of FLSA claims is subject to approval by the Court.

9. The Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel. Plaintiffs' Counsel and Defendants' Counsel have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by third-party neutral, Mike Ungar.

10. The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to the FLSA, 29 U.S.C. § 216(b).

11. The Court approves the Service Payment to Representative Plaintiff in recognition of her services in this Action and as provided in the Settlement Agreement, and as consideration for her entering into an individual Settlement Agreement and General Release, which did not require Court approval.

12. The Court approves the payment of attorneys' fees and expenses to Plaintiffs' Counsel as provided in the Settlement Agreement.

13. The Court orders that notice and payments be issued, including Service Payment, attorneys' fees and expenses, in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

14. The Court dismisses the claims of the Representative Plaintiff, individually, and on behalf of the Settlement Group Members as provided in the Settlement Agreement.

- 5 -

15. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Stipulated Order of Dismissal and Approving Settlement immediately.

16. The Court retains jurisdiction over the Action to enforce the terms of the Settlement.

IT IS SO ORDERED this _____ day of _____, 2020.

_____
JAMES S. GWIN
UNITED STATES DISTRICT COURT JUDGE